UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:17-CR-16-HAB |
| ) | |
| TIMOTHY HARRIS ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Compassionate Release or Sentence Reduction (ECF No. 88). The Government responded on March 15, 2021, (ECF No. 91) and the time for a reply has passed. Because the Defendant failed to demonstrate he exhausted his administrative remedies, his quest for compassionate release must be denied.

For most of the life of the COVID-related compassionate release phenomenon, there was considerable confusion as to whether exhaustion of remedies was jurisdictional, a claims-processing rule, or wholly unnecessary. That confusion was resolved, at least in this circuit, by the Seventh Circuit's decision in *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021). There, the Court answered affirmatively the question of "whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 91 at 6–9), a defendant must demonstrate that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant has not demonstrated that he requested compassionate release from the Warden at FCI Terre Haute, where he is presently incarcerated. Indeed, the Defendant indicates in

his motion that at the time he petitioned the Court he had only been at FCI Terre Haute for 22 days. Thus, it is an impossibility that Defendant made application to the Warden and waited the requisite 30 days for a response. Further, Defendant has not submitted anything to the Court demonstrating that he made application to the Warden, the Warden denied his request, and he has pursued all the administrative appeals available to him before petitioning the Court. Accordingly, the Court cannot conclude from Defendant's motion that he has met the threshold exhaustion requirement.

Unless and until Defendant exhausts his remedies and demonstrates that exhaustion, the Court cannot consider the merits of his compassionate release request. Therefore, his motion requesting compassionate release (ECF No. 88) is DENIED.

SO ORDERED on April 6, 2021.

        s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT